Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that as it is admitted by the answer, and proved in the cause, that the appellee, in contracting with Colin Auld for the purchase of the lands described in the deed from said Auld to the appellee, dated the 10th of February 1837, contracted not for his own benefit, but as the agent of the appellants; the appellee, after the said land was conveyed to him by the said Auld, was bound to convey the same to the appellants, upon their complying with the terms of his contract with said Auld, in the same plight and condition in which the same was conveyed to him. The Court is further of opinion, that the appellee was not warranted in refusing to convey the whole of said land to the appellants in the condition the same had been conveyed to him by said Auld, on account of the alleged promise made by him to said Auld at the time of the said contract, to give to said Lorman the refusal of that parcel of the land which lies between the old road and the turnpike, as in the answer is averred ; because, without deciding how far it would have been competent for the appellee to set up and prove by parol testimony, that such promise and reservation were made, this Court is of opinion that the affirmative allegation of the answer in respect to this matter, treating the same as responsive to the bill, and giving the appellee the benefit of the answer as evidence in his behalf, is outweighed and disproved by the positive evidence of the said Auld, the representation made by the appellee to one of his *48 principals, in his letter of the 10th November 1836, his silence in respect to any such reservation in his interview with said Lorman, shortly after such contract, as is to be inferred from his failure to prove any such communication by said Lorman, though he examined him as a witness, and from the other corroborating circumstances disclosed by the conduct of the appellee in regard to this matter, when an arrangement was entered into between the parties, at a subsequent period.
The Court is further of opinion, that although it is as competent for a principal and agent, as for other parties, to compromise a controversy between them, and such compromise, if fairly made with a full knowledge of all the facts, and where no undue influence is exerted, or improper advantage of the situation of the principal is taken, is binding on the principal, though he may by such compromise yield a portion of his rights, the evidence in this case shews that the parties here did not deal on equal terms. The principals entered into said compromise under the impression that such reservation in favour of said Lorman was in fact made, as asserted by the appellee, when from the evidence now in the record, it distinctly appears no such reservation was made. This mistake of the appellants in regard to this important fact, caused by the false representations of the appellee, is of itself sufficient to relieve the appellants from the obligation of the contract of compromise. And their claim to be so relieved is made stronger by the circumstances in which the parties stood with respect to each other and the subject of controversy; the appellants having made arrangements to commence an expensive manufactory in expectation of acquiring this property, an expectation founded upon the representations of the appellee, and the appellee holding the legal title and insisting upon his right to retain the property unless his terms were acceded to.
*49 The Court is further of opinion, that it is proved by the testimony in the record that the reservation in the contract of compromise of the 208 acres, known as M’Whirl's lease, for the compensation of the appellee for his services, was not, as is alleged, made gratuitously by the appellants, but was exacted from them by the appellee, when ignorant of the facts as aforesaid; it being fully proved that the only alternatives offered the appellants, were to allow the appellee to retain said tract known as M’Whirl’s lease, or to take the whole land, subject to the reservation falsely alleged to have been made in favour of said Lorman; and that the appellants, under this state of facts, consented that said land, known as M’Whirl’s lease, might be retained by the appellee, on his agreeing to convey to them the entry which he owned, of 26 acres, and reducing the reservation in favour of Lorman to 100 acres.
The Court is therefore of opinion, that the appellants were entitled to a decree setting aside and cancelling said agreement of compromise; and upon their reconveying to said appellee the said 26 acres, to a decree against the appellee for said land described in the deed from the said appellee and wife to the appellants, of the 7th day of March 1837, as the lot lying on Mott’s run, supposed to contain 208 acres or thereabouts, including the lease now occupied by M’Whirl, adjoining the lands of Philip Edge, Going More and others, together with the rents and profits thereof from the said 7th March 1837; and are bound to account for the rents and profits of the said 26 acres. And as it appears said 100 acres reserved for the said Lorman have been conveyed to him, and it is not alleged he was a purchaser with notice of the equity of the appellants, and he is no party to the suit, the appellants are entitled to recover from the appellee the difference between the 1 dollar 50 cents per acre, the price at which the appellee accounted for said 100 acres, by a credit given therefor, *50 and the true value of said 100 acres at the date of said alleged compromise; that difference being the proper measure of compensation to the appellants for the loss of the 100 acres.
The Court is therefore of opinion, that the decree of said Circuit Court dismissing the bill was erroneous, and it is reversed with costs. And the cause is remanded, to make the heirs and representatives of any of the parties who have died, parties to the cause, and with instructions to enter a decree directing the appellants and the heirs of such as are dead, to convey to the appellee and his heirs the said 26 acre entry, with special warranty; and that the appellee shall convey to said appellants and their heirs the said lot lying on Mott’s run, supposed to contain 208 acres or thereabouts, as described in the said deed of the 7th March 1837, and awarding proper process to place the parties in possession of said lands respectively. And that an account be directed to ascertain the rents and profits of said lands respectively, and that the relative value of the said 100 acres, as aforesaid, be ascertained by a jury or commissioners, as the parties may elect, or the Court, if they fail to do so, may direct; and that the sums so ascertained and fixed as the proper measure of compensation to the appellants for rents and profits, and the loss of said 100 acres, after deducting therefrom the rents and profits of said 26 acres, be set off against the bond in the proceedings mentioned; and for a final decree between the parties according to the principles of this opinion and decree.
Baldwin, J. dissented.